AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Large black duffle bag and small green bag located inside room 109 at the Motel 6 located at 3400 Prospect Ave NE, Albuquerque, New Mexico | ) ) ) ) ) ) ) Case No. 15 MR 789 |

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

15 NOV 23 PM 4: 00

CLERK-ALBUQUERQUE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of _____New Mexico_____ *(identify the person or describe property to be searched and give its location):* Large black duffle bag and small green bag located inside room 109 at the Motel 6 located at 3400 Prospect Ave NE, Albuquerque, New Mexico

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* Large black duffle bag and small green bag located inside room 109 at the Motel 6 located at 3400 Prospect Ave NE, Albuquerque, New Mexico

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18__ U.S.C. § __922(g)(1)__ , and the application is based on these facts: See Affidavit and Attachment A

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Lisa Gaul, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/23/2015__

*Judge's signature*

City and state: Albuquerque, NM

*Printed name and title*

## AFFIDAVIT FOR SEARCH WARRANT

1. Lisa Gaul, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been employed with ATF since March of 2014. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18 and 26, United States Code.

3. Through the ATF, I have received specialized training in the enforcement of federal firearms, explosives, and arson laws. I have successfully completed the Criminal Investigator Training Program and the Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia that certified me as a Special Agent with ATF. In connection with my official duties, I have been involved in numerous investigations of persons who are prohibited from lawfully possessing firearms and ammunition in violation of Title 18, United States Code, Section 922 (g) (1). I have experience in the execution of arrest and search warrants, surveillance, debriefings of defendants, suspects, witnesses, victims and informants and I have testified in judicial proceedings in federal court involving prosecutions relating to violations of federal firearms laws.

4. Prior to being employed with the ATF, I was employed as a Border Patrol Agent with the United States Border Patrol (USBP) in Nogales, Arizona from March 2007 to March 2014. As a Border Patrol Agent I made arrests for violations of the Immigration and

Nationality Act and the Controlled Substances Act. During my employment with the U.S. Border Patrol I was assigned to the Drug Enforcement Agency (DEA) from November 2010 to November 2012 where I was involved in numerous investigations for violations of the Controlled Substances Act. I conducted physical surveillance, interviewed sources of information, witnesses and defendants, reviewed telephone subpoenas and toll records, participated in search warrants, arrest warrants, undercover operations, purchases of narcotics and in the interception of wire communications.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE PROPERTY TO BE SEARCHED

1. Large black duffle bag and small green bag located inside room 109 at the Motel 6 located at 3400 Prospect Ave NE, Albuquerque, New Mexico

## PROBABLE CAUSE

1. On November 23, 2015, members of the United States Marshal's Southwest Fugitive Investigative Team (SWIFT) were conducting surveillance at the Motel 6 located at 3400 Prospect Ave NE, Albuquerque, New Mexico based off information that a wanted fugitive, Jessie GUTIERREZ, was staying there. GUTIERREZ had three (3) active arrests warrants and is believe to be Armed and Dangerous. Members of the U.S. Marshal's SWIFT observed GUTIERREZ come out of room 109 to smoke a cigarette and placed GUTIERREZ under arrest without incident.

2. GUTIERREZ was staying in room 109 with S.L. and their child. Members of the U.S. Marshal's SWIFT team asked S.L. for consent to come inside the room which S.L.

agreed to. Members of the U.S. Marshal's SWIFT asked S.L. what property in the room was his/hers' and S.L. indicated that a black purse was his/hers', the children's bag and a large black duffle bag located in the bathroom/closet area was S.L.'s. Members' of the US Marshal's SWIFT got consent from S.L. to looked through the large black bag and found male clothing and a firearm. Your Affiant came out to the Motel 6 and viewed the large black duffle bag and saw male clothing, firearm and marijuana was inside the bag.

3. Your Affiant read S.L. his/her Miranda warnings and he/she agreed to speak to your Affiant. When questioned about the bag, S.L. stated that the bag is S.L.'s but what is inside the bag is not S.L.'s. S.L. indicated that he/she brought the large black duffle bag at the request of GUTIERREZ. S.L. indicated that the green bag is GUTIERREZs'. S.L. stated he/she did not know what was inside the large black duffle bag.

4. Your Affiant read GUTIERREZ his Miranda warnings, in the presence of Deputy U.S. Marshal S.F., and GUTIERREZ agreed to speak to your Affiant. GUTIERREZ stated that he has been arrested before and has been to jail and that he knew people (the police) were looking for him because they had been to his mother's home looking for him in regards to a shooting. When your Affiant questioned GUTIERREZ in regards to what property inside room he was arrested outside of was his, he stated the clothing on the bed and the hygiene products on the shelf were his. When your Affiant questioned GUTIERREZ in regards to the large black duffle bag in the room and GUTIERREZ stated he did not know anything about a black duffle bag or that S.L. brought him a black duffle bag. GUTIERREZ then said the bag was his, nothing is S.L.'s and that baby's stuff is in there. When your Affiant questioned GUTIERREZ in regards to firearms, he said there were no firearms in the room. GUTIERREZ stated the small green bag is his and there is a small

amount of marijuana inside the green bag. GUTIERREZ did not give permission to look through the bag(s).

5. GUTIERREZ has three active Arrest Warrants, one (1) from the Prescott, Arizona Sheriff's Office for a Probation Violation, one (1) from the Gallup Police Department and one (1) from the Federal Bureau of Investigation in Phoenix, Arizona for Dangerous Drugs.

6. Your Affiant determined that Jessie GUTIERREZ was previously convicted of three (3) counts of Aggravated Assault with a Deadly Weapon in the Gallup District court under court case D-1113-CR-200800182.

7. Based on the above facts, your Affiant respectfully requests permission to search the following property; a large black duffle bag and small green bag located inside room 109 at the Motel 6 located at 3400 Prospect Ave NE, Albuquerque, New Mexico as your Affiant opines probable cause exists that firearms, ammunition and narcotics are inside the large black duffle bag and small green bag; in violation of Title 18 U.S.C 922(g)(1) and Title 21 U.S.C. 841.

Respectfully submitted,

Lisa Gaul
Special Agent
ATF

Subscribed and sworn to before me on November 23, 2015:

UNITED STATES MAGISTRATE JUDGE

# Attachment A

## DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

1. Firearms, ammunition, and any documents indicating the possession, sale, receipt, purchase or barter for items in exchange for firearms or property, specifically ammunition packaging, containers, labels, receipts, and other items pertaining to the possession of firearms, including gun cases, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of persons in possession of firearms, and receipts for the purchase and/or repair of all these items.

2. Records and documents which reflect the sale, trade, pawn, receipt or disposition of any firearm, buyer lists, seller lists, books reflecting the value of firearms and or notes, cryptic or otherwise, pay-owe sheets, records of sales, log books, ledgers, documents and photographs which reflect relationships between identified and/or unidentified co-conspirators to include personal telephone/address books, including electronic organizers and rolodexes, and financial instruments such as pre-pay and/or bank debit cards, credit cards, checkbooks, and any other financial instrument used to purchase goods and services, to include bulk amount of US and foreign currencies.

3. Records that establish the persons who have control, possession, custody or dominion over the property searched and from which evidence is seized, such as personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rental agreements and receipts, payment receipts, keys, leases, mortgage and loan documents, vehicle registration information, title documents, ownership warranties, receipts for vehicle parts, rental vehicle information and agreements, and repairs and telephone answering machine recordings and fingerprints.

4. Records that provide evidence of transportation such as a United States Passport and/or other foreign country passport or visa, gas receipts, hotel receipts, copies of law enforcement traffic citations or parking tickets, public transportation receipts, vehicle repairs invoices and/or receipts.

5. Cellular phones, cellular phone bills and/or receipts, calling cards, land line bills and/or receipts, SIMS cards, and cellular telephone battery charger.

6. Records related to their banking activity to include including bank and credit card statements, check registers, deposit and withdrawal slips, ATM receipts, cancelled checks, certificates of deposit, notes, account applications, money drafts, letters of credit, money orders, cashiers' checks and receipts for same, bank checks, certificates of deposit, safety deposit slips, stock certificates, bonds, bearer

1

instruments, money market accounts statements, letters of credit, wire transfers and bank reconciliations.

7. Records also include audio recordings, video recordings, memoranda, correspondence, diaries, maps, notes, address books, day planners, calendars, appointment books, newspaper clippings, articles, books, storage agreements and bills, storage locker keys, asset ownership records, journals, ledgers, financials, budgets, proposals, plans, contracts, agreements, bills of sale, delivery records, invoices, receipts, documentation of conveyances, deeds, and other papers.  These records may be in many forms such as paper, electronic, or in code.

8. Documents and manuals that depict or instruct on subjects such as vehicle concealment, smuggling and federal firearms and narcotics laws.

9. Safes, strong boxes, and/or other secure receptacles for the maintenance of valuable items, firearms and/or documents including books, records, and any keys or other evidence of the existence and usage of any lockers, safety deposit boxes or other secure receptacles situated elsewhere than at defendant's property.

10. Illegal Narcotics and any paraphernalia related to Illegal Narcotic trafficking.